IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GERALD ANTHONY WRIGHT, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | Civil Action No. 4:08-CV-343-A |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| Respondent. § | | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Gerald Anthony Wright, TDCJ-ID #424861, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, and is presently incarcerated in Tennessee Colony, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

## C. Factual and Procedural History

Wright is serving a life sentence for his 1986 conviction for sexual assault in the Criminal District Court Number Two of Tarrant County, Texas. Wright has filed at least five previous federal petitions for habeas relief in this court relevant to his conviction and/or sentence. *Wright v. Quarterman*, Civil Action No. 4:08-CV-251-A; *Wright v. Quarterman*, Civil Action No. 4:06-CV-563-A; *Wright v. Quarterman*, Civil Action No. 4:06-CV-563-A; *Wright v. Scott*, Civil Action No. 4:1995-CV-286; *Wright v. Collins*, Civil Action No. 4:1991-CV-540; *Wright v. Director, TDCJ*, Civil Action No. 4:1990-CV-894. By way of this petition, filed on May 14, 2008, he claims he is being denied mandatory supervision release by TDCJ in violation of the Ex Post Facto Clause. (Petition at 5) Wright challenged his eligibility for release on mandatory supervision in state court in his state habeas applications filed on February 12, 2001, and February 26, 2008. *Ex parte Wright*, State Habeas Appl. Nos. WR-20,954-03 & WR-20,954-07. The 2001 application was denied by the Texas Court of Criminal Appeals without written order, and the 2008 application was dismissed by the state court as successive under article 11.07, § 4 of the Texas Code of Criminal Procedure.

## D. Successive Petition

Quarterman asserts, among other things, that the instant petition is successive and should be dismissed as such. (Resp't Answer at 4) Title 28 U.S.C. § 2244(b) requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless specified conditions are met. 28 U.S.C. § 2244(b)(1)-(2). A petition is successive when it raises a claim that was or could have been raised in an earlier petition, or otherwise constitutes an abuse of the writ. *See In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Further, before such a petition is filed in federal district court, the petitioner must move for authorization to file the petition in the appropriate court of appeals. *Id.* § 2244(b)(3);

*In re Johnson*, 322 F.3d 881, 882 (5th Cir. 2003). Wright's claim could have been raised in one of his earlier federal petitions and, thus, is successive. Wright has not shown he has requested and obtained leave to file a successive petition from the Fifth Circuit Court of Appeals, thus this court is without jurisdiction to consider the petition. *Id.*; *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

## II. RECOMMENDATION

It is recommended that Wright's petition be DISMISSED pursuant to 28 U.S.C. § 2244(b)(1).

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until October 17, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th

Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## V. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until October 17, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September 26, 2008.

                                                        /s/ Charles Bleil
                                               CHARLES BLEIL
                                               UNITED STATES MAGISTRATE JUDGE