IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | |
|---|---|
| GERALD ANTHONY WRIGHT, | § |
| Petitioner, | § |
| VS. | § NO. 4:08-CV-343-A |
| NATHANIEL QUARTERMAN, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § |
| Respondent. | § |

O R D E R

Came on for consideration the above-captioned action wherein Gerald Anthony Wright is petitioner and Nathaniel Quarterman, Director, Texas Department of Criminal Justice, Correctional Institutions Division, is respondent. This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 26, 2008, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation, and ordered that the parties file objections, if any, thereto by October 17, 2008. Petitioner timely filed his objections, and respondent filed no further response.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a de novo determination of those portions of the proposed findings or

recommendations to which specific objection is made. <u>United States v. Raddatz</u>, 447 U.S. 667 (1980). The court need not consider any nonspecific objections or any frivolous or conclusory objections. <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

The Magistrate Judge recommends that the petition be dismissed as successive pursuant to 28 U.S.C. § 2244(b)(1). A second or successive petition must be certified as provided in 28 U.S.C. § 2244(b)(3) by a panel of the appropriate court of appeals. Petitioner has not shown that his petition has been so certified.

In his objections, petitioner protests that the above-captioned action is not successive because he has not filed a previous habeas petition based on his alleged entitlement to mandatory supervision, and attaches to his objections a purported habeas petition grounded on denial of parole, filed February 5, 2000. Petitioner misconstrues the meaning of a "successive" petition. "[A] prisoner's application is not second or successive simply because it follows an earlier federal petition." <u>In Re Cain</u>, 137 F.3d 234, 235 (5th Cir. 1998). Rather, "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been

2

raised in an earlier petition...." Id. Petitioner raised the denial of his release to mandatory supervision in state habeas petitions filed February 12, 2001, and February 26, 2008. Petitioner then filed two federal habeas petitions subsequent to the February 12, 2001, state habeas petition where he first complained of the denial of mandatory supervision. See Wright v. Quarterman, No. 4:06-CV-563-A (originally filed in the Dallas Division on July 18, 2006, under No. 3:6-CV-1281-G, then transferred to the Fort Worth Division); Wright v. Quarterman, 4:08-CV-251-A (filed April 10, 2008). Because the facts surrounding the alleged denial of mandatory supervision were well known to petitioner at the time he filed his previous federal habeas petitions, that claim could have been raised in one of his earlier federal petitions, and thus, is successive. See In Re Cain, 137 F.3d at 235.

Therefore,

The court accepts the findings, conclusions and recommendation of the magistrate judge and ORDERS that the petition in this action be, and is hereby, dismissed as

successive.

SIGNED October 27, 2008

_____
JOHN McBRYDE
United States District Judge